UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | CASE NO.   05-231 M |
| v. ) | |
| THOMAS GREGORY SMITH, ) | DETENTION ORDER |
| Defendant. ) | |

Offenses charged:

    Counts I - II: Felon in Possession of Ammunition, in violation of Title 18, U.S.C., Sections 922(g)(1).

Date of Detention Hearing:   May 16, 2005.

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which Defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Andrew Colasurdo.  The defendant was represented by Timothy Lohraff.

    The Government argued for detention on grounds of  flight risk and danger to the community. Supporting the risk of flight, the Government asserted that the defendant has a long and serious criminal history which includes numerous warrants and failures to comply, including failure to follow the terms of release on state charges.  In this instant offense, the Government contended that the defendant fled the crime scene, evaded law enforcement,  and has been in state custody since his apprehension.  The Government reported, in addition, other attempts to evade authorities on at least two separate occasions.

1  The Government maintained that the defendant is a risk of danger to the community as his
2  criminal history highlights, among other numerous convictions, three prior felony drug convictions,
3  an Assault 2nd degree conviction committed with a firearm, and two unlawful possession of a firearm
4  convictions.  The Government believed that the extensive felony and misdemeanor convictions
5  indicate a lack of respect for the law, and suggest that the defendant cannot follow orders of the
6  Court.

7  Additionally, the Government expressed concern regarding the defendant's substance abuse
8  problems, and informed the Court that an individual died as a result of his possession of a firearm in
9  this instant offense.  The state homicide charge relating to the instant offense has been dropped, citing
10 evidence suggesting a defense to the homicide.

11  The defense moved for release and contested the factual assertions of the Government.
12 The defense cited that there were no known warrants or violations from April 2000 to December
13 2000.  Additionally, the defense noted that the defendant is a lifelong resident of King County, that
14 he has no place to flee to, and that he wishes to stay and face the current charges.  The defense
15 further purports that the defendant did not evade police or flee in this instant offense; the defendant
16 alleged he did not know he was being sought.

17  The defense requested the least restrictive alternative to detention: electronic home
18 monitoring at his residence or his son's godmother's residence.  The defense offered drug testing of
19 the defendant to alleviate concerns of drug use while on electronic home monitoring.

### FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) In this instant offense, the Court is inclined to consider the least restrictive option to detention if provided reasonable assurance of the safety of the community and flight risk of the defendant, however, these elements have not been met to the Court's satisfaction.

(2) The defendant's record of failure to comply with the terms of supervision is

DETENTION ORDER
PAGE -2-

relevant when assessing the defendant's risk of flight. Thusfar, reasonable assurance of his appearance at court hearings have not be made to the Court's satisfaction.

(3) The defendant is viewed as a risk of danger because in the homicide case, while on parole/community custody, it appears he was involved in a shooting and in possession of a firearm.

Thus, there is no condition or combination of conditions that would reasonably assure future court appearances.

**It is therefore ORDERED:**

(l) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this18th day of May, 2005.

MONICA J. BENTON
United States Magistrate Judge

DETENTION ORDER
PAGE -3-